**Stuart R. ROSS and Esqro Holdings Corp., Plaintiffs,**

v.

**MERRILL LYNCH COMMODITIES, INC., Defendant-Counter Claim Plaintiff,**

and

**Richard Freeburg, Don L. Horwitz, John Doe, and Richard Roe, Defendants.**

No. 84 Civ. 1437 (MP).

United States District Court, S.D. New York.

Oct. 15, 1985.

Stuart A. Jackson by John A. Harras, New York City, for plaintiffs.

Barrett Smith Schapiro Simon & Armstrong by Michael O. Finkelstein, Frederic W. Parnon, New York City, for defendants.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

On the eve of trial, four months after discovery has been completed and closed, plaintiffs move to amend the Pretrial Order, made in February and finally amended in June, 1985, to introduce into this case an expert witness whose name has not yet been given to defendants. Defendants object to the motion on the ground that it would be unfairly prejudicial to have to prepare, so shortly before the trial, for the proposed expert proof and to have to seek and prepare an opposing expert, if needed for the trial. In addition, defendants contend that plaintiffs are foreclosed from introducing an expert because they agreed in the Pretrial Order that they would not sub-

mit an expert witness, unless they made such witness available for deposition prior to February 28, 1985 and that plaintiffs failed to comply with this requirement.

The complaint in this action was filed on February 29, 1984 and the case was assigned originally to Judge John Sprizzo. A Pretrial Order, consented to in writing by all the parties as to form and substance, was filed on February 1, 1985. That order stipulated that the trial would be by jury; it set forth the names of witnesses; and it contained among other things, a paragraph relating to expert witnesses, as follow:

> "Each party stiplulates and agrees to advise the other of the retention of an expert who is expected to testify within 48 hours of such retention, and further stipulates and *agrees to make each such expert available for deposition prior to February 28, 1985.* Adequate notice and opportunity to depose experts being of the essence, the parties agree that *failure* of either party to provide notice and to make witnesses available by the date set above *shall preclude such party from calling any such witness,* unless such failure has been waived in writing by the other party." (Emphasis supplied)

Thereafter, on March 14th, the date stipulated by the parties for completion of discovery was extended by Court Order to March 20, 1985, with the requirement that all parties be ready for trial on April 1, 1985, and be prepared to proceed to trial on 24 hours notice. There was no change in respect to the stipulation and order concerning expert proof.

On April 8, 1985, the defendant requested an immediate deposition of plaintiff, Stuart Ross, and of his tax preparer, on the subject of Ross's tax returns because his counsel disclosed that Ross had allegedly amended his income tax return in March, after the Pretrial Order had been entered and discovery terminated. Plaintiffs' lawyer had represented in open court, on March 8th, that Ross had not filed any federal income tax return for 1982. Three weeks later, however, plaintiffs' counsel

produced what purported to be an amended return for 1982, filed on March 14, 1982 and showing income of $220,000 not previously disclosed. Because the amended return and the alleged income were significant to the lawsuit, Judge Sprizzo permitted the Pretrial Order to be amended so that the deposition, limited to the subject matter of the tax returns and their amendment, could be taken.

Plaintiffs' counsel, opposing a general amendment to the Pretrial Order, specifically inquired of the Court whether "[t]he discovery will be limited to this deposition?" Judge Sprizzo assured him that he was "not authorizing a new round of discovery...."

The discovery deadline was accordingly extended to the end of May, 1985, and the deadline for filing the requisite amendments to the Pretrial Order arising from the new matter was extended to the end of June. The additional permitted discovery was conducted and on June 25, 1985, the parties agreed on their desired amendments to the Pretrial Order; the only changes made were on pages 15 and 16, and none adverted to the subject of expert witnesses for the trial.

The case was then reassigned to Judge Milton Pollack for trial on August 13, 1985. A conference was immediately scheduled for August 20th to fix the actual trial date.

No expert was identified or produced by the plaintiffs up to this time, including anytime prior to the stipulated date of February 28, 1985 fixed in the Pretrial Order, or prior to June 25, 1985, when the brief amendments were made to the Order and plaintiffs had given no indication that they might use an expert. During the discussion on August 20, 1985 of the course of the trial and the issues to be litigated, plaintiffs' counsel mentioned that he might wish to produce an expert to testify on plaintiffs' claim that the brokerage accounts were improperly churned. The Court, at that conference, questioned whether in the circumstances of this case, given the sophistication of the plaintiff and the apparent control of the accounts by the

plaintiff, an expert was necessary or appropriate.

On August 27, 1985, plaintiffs' wrote a letter requesting leave to amend the Pretrial Order and a ruling permitting plaintiffs to call an expert at the trial on the churning contention. Defendants vigorously opposed the request on all grounds.

On consideration of the facts as outlined by counsel, it was the opinion of this Court that not only were plaintiffs precluded by their stipulation and the Pretrial Order from calling an expert on the eve of trial, but in the circumstances of this case, no prejudice to plaintiffs in presenting their claim had been shown which would prevent plaintiffs from adhering to their express agreement concerning the use of experts. The binding agreement had stood for more than six months while the parties remained ready to proceed to trial on 24 hours notice. No just reason was advanced by plaintiffs to warrant setting aside the agreement and order on the eve of trial, which by agreement of the parties was scheduled to commence on October 7, 1985.

Thereafter, on September 3, plaintiffs' attorney requested a continuance of the trial on the ground that his client had a business engagement in Hong Kong during the week of October 7, a period which was alleged to be "extremely important for his business." Based on this representation, and defendants' consent to a brief continuance, the Court's schedule was modified, and plaintiffs were accomodated with an October 31 trial date.

On September 24, 1985, after having obtained the adjournment for the reason stated above, the plaintiffs' attorney wrote this Court requesting an amendment to the Pretrial Order so that expert testimony could be introduced on the issue of churning. Counsel stated that (at some unindentified date) "prior to" the Court's indication that the stipulation in the Pretrial Order would be enforced, he had retained someone to evaluate the trading activity in the commodity accounts. Counsel did not mention that it was only on September 4, two weeks *after* it was indicated that the committment

in the Pretrial Order would stand, that a report was prepared by the proposed witness.

The Court promptly responded to plaintiff' counsel:

"An expert, in the circumstances, and considering the sophistication of your client and his extensive trading experience, can only be assumed to be for the purpose of influencing the jury in a prejudicial manner.

"The indicated ruling on the use of an expert will be adhered to unless anything develops at the trial, after completion of you client's testimony, to change the fundamental picture and to require help from an expert by the jury.

"You are asking permission to submit, *in camera*, the preliminary report of your expert. I have no objection to granting that permission, if you believe that there is anything in the report which changes the picture that has been presented."

Eight days later, October 2, the purported preliminary report of September 4th was submitted for *in camera* review.

Upon examination of the expert's preliminary report, submitted *in camera*, it is quite apparent to this Court that the report consists of series of conclusions based upon speculations on hypotheses; the conclusions were admittedly erected without documents, considered by the expert himself to be necessary for a final determination. The proposed expert witness apparently contemplated a new round of exploration through additional discovery proceedings in order to obtain what he needs to render a final opinion.

There is no indication from the plaintiffs of the actual date when the proposed expert was approached on behalf of plaintiffs, but it certainly was not at any time within the period fixed in the Pretrial Order or when the Order was amended and finalized as amended in June, 1985. The proposed witness appears on the scene as a recent afterthought. Even to this date the

claimed expert's identity has not been disclosed by the plaintiffs to the defendants.

This Court adheres to its exercise of discretion with respect to complaince with the Pretrial Order, and concludes that the interests of justice and fairness will not be served by modifying the outstanding Pretrial Order at this late date.

Accordingly, the application of the plaintiffs to amend the Pretrial Order with respect to calling an expert witness is, in all respects, denied.

So Ordered.